# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re*: **K.M.-1 and K.M.-3**

**No. 17-0569** (Barbour County 16-JA-31 & 16-JA-33)

**FILED**

**November 22, 2017**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother M.M., by counsel Aaron P. Yoho, appeals the Circuit Court of Barbour County's May 25, 2017, order terminating her parental rights to K.M.-1 and K.M-3.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Chaelyn W. Casteel, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Mary S. Nelson, filed a response on behalf of the children also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying her motion for an improvement period and terminating her parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In June of 2016, the DHHR filed an abuse and neglect petition against petitioner and her husband, K.M.-3's biological father, alleging that the parties cared for the children, K.M.-1, K.M.-2, and K.M.-3, while under the influence of illegal drugs.[2] The petition also alleged that petitioner abused substances, that the parties engaged in domestic violence in the children's presence, and that petitioner was unwilling or unable to remove herself and the children from an abusive relationship with the father. On June 8, 2016, the circuit court held a preliminary hearing wherein petitioner stipulated to a history of substance abuse and to an on-going abusive relationship with the father. In August of 2016, the circuit court held an adjudicatory hearing wherein petitioner again stipulated to her history of substance abuse and to an abusive relationship with the father. Based on her admission, the circuit court found that petitioner was an abusing parent and ordered that she submit to random drug screening. Petitioner filed a

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990). Additionally, because the children share the same initials, we will refer to them as K.M.-1 and K.M.-3 throughout this memorandum decision.

[2]K.M.-2 is not petitioner's biological child and, therefore, not the subject of her appeal.

motion for a post-adjudicatory improvement period on August 8, 2016. In October of 2016, the children were interviewed at the Child Advocacy Center and they disclosed that domestic violence and drug abuse were frequent in the home. The children's disclosures included specific instances that petitioner and the father previously denied, including an incident in which the father punched petitioner in the face.

In January of 2017, the circuit court held a dispositional hearing and addressed petitioner's motion for a post-adjudicatory improvement period. On the same day, petitioner also filed a motion for a predispositional improvement period. At the hearing, petitioner minimized the extent of domestic violence in the home and stated that the father only "hit [her] twice, that is it." She also denied that domestic violence occurred in front of the children, despite the children's previous disclosures. She admitted that she had previously lied about her drug usage and had used methamphetamines in August of 2016. Petitioner initially refused to answer the court's questions regarding how she paid for her Subutex prescription but eventually admitted that she was paid to deliver drugs to her cousins. She further admitted that the father, with whom she was ordered not to have contact, transported her to the dispositional hearing after initially denying that fact to the court. The circuit court noted that petitioner was evasive when answering its questions. The DHHR caseworker testified that the DHHR initially recommended that petitioner receive an improvement period but withdrew that recommendation due to petitioner's continued dishonesty with the court. The circuit court found that "petitioner . . . absolutely cannot be truthful with anything in that she was given every opportunity here today . . . but she chooses to lie when the truth would serve her much better." The circuit court also found that petitioner's dishonesty made it impossible for the DHHR to provide her or the children with services. The court denied petitioner's motions for an improvement period and found that she failed to prove by clear and convincing evidence that she would likely fully participate in the same. The circuit court also found that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future, noting that she "had not been truthful about anything" and was not credible. By order entered on May 25, 2017, the circuit court denied petitioner's motions for an improvement period and terminated her parental rights to the children.[3]

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire

---

[3]Petitioner's parental rights to the children were terminated below. According to the guardian, the biological fathers of K.M.-1 and K.M.-3's rights were also terminated below. According to the guardian, the children were placed in a foster home and the permanency plan is adoption into that home.

evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the proceedings below.

On appeal, petitioner first argues that the circuit court erred in denying her motions for an improvement period. In support of her argument, petitioner asserts that she admitted to domestic violence in her home and her abuse of controlled substances. She also asserts that she moved out of the abusive home, gained steady employment, and filed for divorce from the children's father, all of which demonstrates that the improvements she would have made given the "opportunity for an improvement period." We disagree. In order to obtain an improvement period, West Virginia Code § 49-4-610(2)(B) requires that the parent "demonstrate, by clear and convincing evidence, that [the parent] is likely to fully participate in an improvement period . . . ." Further, we have often noted that the decision to grant or deny an improvement period rests in the sound discretion of the circuit court. *See In re: M.M.*, 236 W.Va. 108, 115, 778 S.E.2d 338, 345 (2015) (holding that "West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period"); Syl. Pt. 6, in part, *In re Katie S.*, 198 W.Va. 79, 479 S.E.2d 589 (1996) (holding that "[i]t is within the court's discretion to grant an improvement period within the applicable statutory requirements").

Here, petitioner failed to prove by clear and convincing evidence that she was likely to substantially comply with the terms and conditions of an improvement period. At the dispositional hearing, petitioner minimized the extent of domestic violence in the home and that domestic violence occurred in front of the children, despite evidence that domestic violence did happen in the home. Petitioner also failed to acknowledge her responsibility for the abuse for which she was adjudicated. "Failure to acknowledge the existence of the problem, i.e., the truth of the basic allegation pertaining to the alleged abuse and neglect or the perpetrator of said abuse and neglect, results in making the problem untreatable and in making an improvement period an exercise in futility at the child's expense." *W. Va. Dep't of Health and Human Res. ex rel. Wright v. Doris S.*, 197 W.Va. 489, 498, 475 S.E.2d 865, 874 (1996). Further, the circuit court found that petitioner was evasive when answering its questions, that she could not be truthful with the court, and that her dishonesty made it impossible for the DHHR to provide her or the children with services. This evidence clearly indicated that petitioner would not be likely to comply with the terms and conditions of an improvement period. Therefore, the circuit court did not err in denying petitioner an improvement period.

Finally, petitioner argues that the circuit court erred in terminating her parental rights. In support of this assignment of error, petitioner argues that, because she was in the process of divorcing the father, the circuit court should have considered a less-restrictive alternative. We disagree. West Virginia Code § 49-4-604(b)(6) provides that circuit courts are directed to terminate parental rights upon findings that there is "no reasonable likelihood that the conditions

of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the child's welfare. West Virginia Code § 49-4-604(c)(3) provides that no reasonable likelihood that the conditions of abuse or neglect can be substantially corrected exists when "[t]he abusing parent . . . ha[s] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts[.]" We have also held that "[t]ermination . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood . . . that conditions of neglect or abuse can be substantially corrected." Syl. Pt. 7, in part, *In re Katie S.*, 198 W.Va. 79, 479 S.E.2d 589 (1996).

Here, it is clear that there was no reasonable likelihood that petitioner could have substantially corrected the conditions of abuse or neglect in the near future. The record shows that petitioner was dishonest throughout the proceedings and her dishonesty made it impossible for the DHHR to provide her or the children with services. The record on appeal shows that petitioner continued to lie to the circuit court and to the DHHR and refused to acknowledge the extent of the abuse in the home. Moreover, the circuit court also found that termination was necessary for the children's welfare. As previously stated, pursuant to West Virginia Code § 49-4-604(b)(6), circuit courts are directed to terminate parental rights upon these findings. For these reasons, we find no error in the circuit court's termination of petitioner's parental rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its May 25, 2017, order is hereby affirmed.

Affirmed.

**ISSUED**:  November 22, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

4